IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| ELIJAH N. PERKINS, | : | |
| | : | C.A. No. K13C-05-020 WLW |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOWNE DOLLAR AND TOBACCO, | : | |
| LLC, trading as "The Hot Spot", | : | |
| and WAIL AYOUB, | : | |
| | : | |
| Defendants. | : | |

Submitted: November 12, 2014
Decided: November 17, 2014

**ORDER**

Upon Plaintiff's Motion *in Limine* to Request an Adverse
Inference Jury Instruction Due to the Spoliation of
Videotaped Evidence. *Denied*.

R. Mark Taneyhill, Esquire of Schwartz and Schwartz, Dover, Delaware; attorney for Plaintiff.

Nancy Chrissinger Cobb, Esquire of the Law Offices of Chrissinger & Baumberger, Wilmington, Delaware; attorney for Defendants.

WITHAM, R.J.

*Elijah N. Perkins v. Towne Dollar and Tobacco, LLC, et al.*
C.A. No. K13C-05-020 WLW
November 17, 2014

Upon Consideration of Plaintiff's motion *in limine* for an adverse jury instruction due to the alleged spoliation of videotaped evidence:

1. The case at bar involves Wail Ayoub (hereinafter "Defendant") and Elijah N. Perkins (hereinafter "Plaintiff"). Defendant was an employee of Defendant Towne Dollar and Tobacco LLC (hereinafter "Defendant-Employer"), and accused Plaintiff of attempting to pass a counterfeit bill at the register. The Defendant and Plaintiff were allegedly involved in a physical altercation, and Plaintiff now raises personal injury claims for any harm suffered from Defendant's negligent, reckless, and intentional acts.

2. On September 22, 2014, Plaintiff filed a motion *in limine* for an adverse inference due to the alleged spoliation of evidence by the Defendant. Plaintiff alleges that the Defendant-Employer destroyed videotape on the store's security system that recorded the physical altercation that is the source of this litigation.

3. Plaintiff asserts that because the Defendant-Employer did not retain a copy of the surveillance video from the date in question, January 18, 2012, they did not properly preserve evidence that based on a preservation of evidence letter received on February 2, 2012.

4. Despite the Plaintiff's allegation of spoliated evidence, the Plaintiff hired a private investigator to make a copy of the surveillance video, and did so using his smart phone to make the recording. However, Plaintiff states that there were other events that may have been taped by the surveillance cameras that are not on the recording made by the private investigator.

5.    The Defense responded to the motion, stating that the store's surveillance tape is on an automatic delete schedule after three (3) days, and during that three (3) day time period, the Defense did not know they would be involved in litigation and would need to preserve the videotape. The Defense also argues that when the police investigated the incident that same night, they made no mention of preserving the store's security tapes, therefore the Defendants had no way of knowing they needed to alter the automatic deletion schedule of the surveillance video.

6.    To receive an adverse jury instruction, the party seeking the instruction needs to show that there was an actual suppression or withholding of evidence, and not merely an accidental deletion of it.[1] In the instant case, there is no evidence provided to this Court to suggest that the Plaintiff deliberately or recklessly deleted the relevant videotape, because the videotape was automatically overwritten before the Defense was put on notice to preserve it.

7.    In order for a jury to receive an adverse inference based on a party's spoliation of evidence, the Court must determine that a party acted intentionally or recklessly in failing to preserve the evidence.[2] Plaintiff does not provide the Court with facts to indicate the Defendant-Employer erased the video tape intentionally or recklessly, and therefore did not meet the requirements for providing the jury with an adverse inference.

---

[1] *Triton Const. Co. v. E. Shore Elec. Servs. Inc.,* (Del. Ch. May 2009).

[2] *Sears, Roebuck & Co. v. Midcap,* 893 A.2d 542, (Del. 2006).

Therefore, the Motion *in Limine* to Provide the Jury with an Adverse Inference due to the spoliation of evidence is ***denied***.

IT IS SO ORDERED.


　　　　　　　　　　　　 /s/ William L. Witham, Jr.　　　
　　　　　　　　　　　　Resident Judge